```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - -X

EMPLOYERS INSURANCE COMPANY OF
WAUSAU, et al.,

                Plaintiffs,    <u>ORDER</u>

    - against -                CV 2005-0620 (JFB)(MDG)

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

                Defendant.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Defendant moves to compel discovery in this action for declaratory judgment and recovery of co-insurance. Defendant claims that (1) plaintiffs failed to produce witnesses on behalf of plaintiff Mid State Management Corporation ("Mid State") and plaintiffs North Carolina Leasing Limited Liability Company and North Carolina Leasing Limited Liability Partnership (collectively "NC Leasing") for deposition; (2) plaintiffs failed to produce a witness on behalf of plaintiff Employers Insurance Company of Wausau ("Wausau") with knowledge responsive to defendant's notice; and (3) plaintiff Wausau failed to produce its complete claim file pertaining to the underlying action, in particular its computerized claim documents, up through the date of defendant's disclaimer.

After considering the submissions of the parties regarding defendant's motion to compel discovery dated March 1, 2006, it is hereby ORDERED as follows:

1. **Deposition of Witness(es) from Wausau, Mid State and NC Leasing.** On November 10, 2005, defendant served plaintiffs' counsel with notices to take the deposition of witnesses on behalf of Wausau, Mid State and NC Leasing, respectively. Defendant complains that Walter V. Polehenky, a Wausau employee who was designated and produced on behalf of Wausau, Mid State and NC Leasing, was not an adequate witness.

A corporation or partnership receiving a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) "shall designate one or more officers, directors, or managing agents, *or other persons who consent to testify on its behalf* ... " (emphasis added). By its terms, Rule 30(b)(6) does not limit an organization from designating a person other than an employee to be deposed on behalf of that organization. Furthermore, "a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party." Rodriguez v. Pataki, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003). Thus, had Mr. Polehenky had sufficient knowledge, plaintiffs could designate him as their witness under Rule 30(b)(6).

In response to defendant's argument that Mr. Polehenky lacked sufficient knowledge to testify on behalf of the three entities, plaintiffs contend that questioning by defendant's counsel went beyond the scope of the topics noticed. However, courts have recognized that when a deponent is produced pursuant to Fed. R. Civ. P. 30(b)(6), the scope of questioning at the deposition is not defined by the notice of deposition -- instead, Fed. R. Civ. P. 26(b)(1) defines the scope of discovery unless otherwise ordered by the court. See Charles Alan Wright & Arthur R. Miller, 8A Federal Practice and Procedure § 2103 (2d ed. 1994 & Supp. 2005) (citing Cabot Corp. v. Yamulla Enterprises, Inc., 194 F.R.D. 499 (M.D. Pa. 2000)). In fact, a notice of deposition cannot be used to limit what is asked of the designated witness, but rather, it "constitute[s] the minimum, not the maximum, about which a deponent must be prepared to speak." Detoy v. City and County of San Francisco, 196 F.R.D. 362, 366 (N.D. Cal. 2000) (citing King v. Pratt & Whitney, a Div. of United Technologies Corp., 161 F.R.D. 475 (S.D. Fla. 1995)).

Based on the Court's review of Mr. Polehenky's deposition transcript, it is evident that he lacked sufficient knowledge as to several topics set forth in the Rule 30(b)(6) notices. Furthermore, Mr. Polehenky also lacked knowledge to respond to questions concerning issues not specifically described in defendant's notice, but which were so clearly relevant to issues in this case and related to topics that were noticed.

Thus, plaintiffs are ordered to re-designate one or more witnesses on behalf of Wausau, Mid State and NC Leasing with knowledge of the topics noticed by defendant, with the exception of topics (a) and (c) for Mid State and NC Leasing, as previously agreed upon by the parties. Notwithstanding the fact that a party may designate a non-employee as its Rule 30(b)(6) witness, this Court shares defendant's skepticism that an employee of Wausau could be an appropriate witness for Wausau's insureds. The parties must complete the deposition(s) by May 31, 2006.

**2.   Production of Wausau's Complete Computer Claim File.**
Defendant's counsel claims that they first learned of Wausau's computerized claim file during Mr. Polehenky's deposition on January 20, 2006. During the deposition, defendant's counsel requested that Wausau's computerized claim file be produced and later faxed plaintiffs a letter which included a formal request for the production of Wausau's full claim file through the date of disclaimer. Plaintiffs' counsel refused to produce Wausau's computerized claim file, arguing that defendants never made a formal Rule 34 request for documents and the documents are not relevant to the claim or defense of any party.

While some courts have refused to entertain a motion to compel in the absence of a formal request for documents,[1]

---

[1] See, e.g., Schwartz v. Marketing Publ'g Co., 153 F.R.D. 16 (D. Conn. 1994) (motion to compel denied where plaintiff only requested production of documents orally at a deposition, followed by a letter to defendants' counsel).

plaintiffs have not cited, nor is this Court aware of any decision by a court in the Eastern or Southern Districts of New York denying a motion to compel on the basis that the moving party did not make a formal request for production of documents. In fact, it is a commonplace practice among attorneys in these two districts to utilize less formal methods for making discovery requests[2] and, in particular, to follow-up oral requests for documents made at a deposition with a confirming letter. Plaintiffs exalt form over substance in claiming that defendant's letter dated January 23, 2006 was not a proper discovery request which complied with various procedural requirements under Fed. R. Civ. P. 34. This Court finds that the defendant's letter sufficiently described the documents sought. The instant motion followed more than 30 days after defendant's letter request and after defendant unsuccessfully attempted to procure compliance.

Furthermore, plaintiffs' claim that the documents sought are not relevant to the subject matter involved in the instant case is equally meritless. The contents of Wausau's electronic claim file may very well contain information regarding when Mid State or NC Leasing became aware of the conditions leading to the accident in the underlying state court action, factual issues that will remain should plaintiffs' legal argument that additional insureds are not subject to the notice provision

---

[2] In fact, plaintiffs have responded to an even less formal document request which was communicated through an email dated July 19, 2005.

raised in the pending summary judgment motions be rejected. Plaintiffs also appear to be arguing that the computer notes were not identified in their Fed. R. Civ. P. 26(a)(1) initial disclosure and that they did not intend to include them under the listing "[o]ther non-privileged documents contained within Wausau's claims file".  However, both Fed. R. Civ. P. 34(a) and Local Civil Rule 26.3 define "document" to include electronic or computerized data compilations.  Since plaintiffs have implicitly acknowledged that their claim file falls within the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1), the <u>computerized</u> claim file clearly is relevant, irrespective of whether plaintiffs intended to use the documents or not in this litigation.

For the foregoing reasons, plaintiffs are ordered to produce Wausau's complete claim file, including hard copies and electronic documents up to the date of defendant's disclaimer, to the extent the documents are not privileged or prepared for the sole purpose of "probable" or "imminent" litigation.[3]  Plaintiffs

---

[3] Given the unnecessary contentiousness that has pervaded the conduct of this action, plaintiffs are cautioned not to assert a privilege automatically simply because in-house counsel may be involved.  Courts have routinely held that work product doctrine does not extend protection to materials assembled in the ordinary course of business (i.e., when an insurance company investigates a claim prior to determining whether to pay the claim) or for other non-litigation purposes. <u>See</u> <u>SEC v. Credit Bancorp, Ltd.</u>, No. 99 Civ. 11395, 2002 WL 59418, at *3 (S.D.N.Y. Jan. 16, 2002) (reports prepared by attorneys investigating insurance claims on behalf of an insurance company are not privileged because they "are prepared as part of the 'regular
(continued...)

must provide such documents by May 15, 2006.  Should plaintiffs withhold documents they assert are privileged, plaintiffs' counsel must provide a privilege log.

**3.   Request for Oral Argument.**  The parties' request for oral argument on defendant's motion to compel discovery is denied.

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 26, 2006

　　　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　MARILYN D. GO
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

³(continued...)
business' of the company") (quoting Bertalo's Rest. Inc. v. Exch. Ins. Co., 240 A.D.2d 452, 455, 658 N.Y.S.2d 656, 659 (2d Dept. 1997)); see also, Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Co., 123 F.R.D. 198, 201 (M.D.N.C. 1998).