```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

EMPLOYERS INSURANCE COMPANY OF WAUSAU,
et al.,

                    Plaintiffs,
                                            ORDER
        - against -
                                            CV 2005-0620 (JFB)(MDG)
NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

                    Defendant.

- - - - - - - - - - - - - - - - - - - X
```

    This order addresses the letter application of Marshall Potashner, counsel for plaintiffs, for a preclusion order due to the disruptive conduct of Debra Krebs, defendant's counsel, during the deposition of Luis Vega, Senior Commercial Claims Adjuster for defendant. See ct. doc. 30. Claiming that a re-deposition of Mr. Vega will not be effective, plaintiffs seek "to preclude Nationwide from attempting to introduce parol evidence as to the meaning of the notice provisions in the event the District Court determines that paragraphs 2a and 2b are ambiguous concerning whether they apply to additional insureds." Id. at 3.

    After review of the excerpts attached to plaintiffs' application, this Court agrees with plaintiffs that Ms. Krebs made "speaking objections" and interposed unnecessary comments during the deposition of Mr. Vega. However, although "[s]evere discovery sanctions," including preclusion of evidence, may be warranted where the failure to comply with discovery or a court

order is due to "willfulness or bad faith, or is otherwise culpable," Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991), preclusion is a harsh remedy that "should be imposed only in rare situations." Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).

Such a drastic remedy is not warranted on this record. Notwithstanding plaintiffs' conclusory argument of incurable prejudice, this Court does not find from review of the transcript that this has been the case. See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 269 (2d Cir. 1999) (prejudice is an important factor in determining the propriety of preclusion as a discovery sanction). Moreover, since other deposition transcripts reviewed by the Court indicate what, at best, is described as extreme contentiousness on the part of both counsel, this Court cannot find that the conduct of defense counsel during the Vega deposition is so egregious to merit the sanction of preclusion. Further, it is not clear from plaintiffs' submission whether they availed themselves of court assistance. See, e.g., minute entry of telephone discovery conference on 1/24/06. In any event, plaintiffs do not explain why they did not raise this issue at conferences on February 1 and February 9, 2006 or failed to file their motion within the deadline set at the last conference.

Although this Court is declining to impose sanctions on the record presented, counsel are warned that the Court will not be

so tolerant in the future of improper conduct during depositions designed primarily to thwart the taking of evidence.

**SO ORDERED.**

Dated:  Brooklyn, New York
        April 26, 2006

                                    ___/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE